UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 08-140 |
| MOSE JEFFERSON<br>RENEE GILL PRATT | SECTION "B" (1) |

## ORDER AND REASONS

Before the Court is Renee Gill Pratt's Motion to Dismiss Count One for Lack of Subject Matter Jurisdiction and for Failure to State a Crime. (Rec. Doc. No. 411). The Motion is opposed. (Rec. Doc. No. 417). Considering the pleadings, applicable law, oral argument of the parties, oral reasons given at prior hearings, and for the reasons that follow, Defendant's Motion to Dismiss is **DENIED**.

On March 5, 2010, the grand jury returned a five count Third Superseding Indictment against Defendants Mose Jefferson and Renee Gill Pratt alleging that Defendants conspired to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") in violation of 18 U.S.C. § 1962(d), specifically alleging that Defendants through their various non-profit and for-profit entities and political positions engaged in a pattern of racketeering activity for the primary purpose of exercising and preserving power over and within the government of the State of Louisiana, the City of New Orleans, Orleans Parish, and elsewhere, for the financial and political benefits of defendants.

1

The Third Superseding Indictment charges Renee Gill Pratt with Count 1 only, the RICO conspiracy. In addition to the RICO conspiracy, Mose Jefferson is charged with mail fraud (18 U.S.C. § 1341, 1346) in Counts 2 & 3, and making false statements (18 U.S.C. § 1001) in Counts 4 & 5.

**A. Effect on Interstate Commerce**

Defendant Pratt argues the actions forming the predicate of the RICO charge, as they concern Ms. Pratt, relate solely to intrastate activity that fails to provide a sufficient jurisdictional nexus over that charge. Specifically, Defendant contends that Count 1 essentially claims that Ms. Gill-Pratt utilized her influence and voting power as a Louisiana state legislator and subsequently as a Council member to obtain appropriations for grants that went to non-profit entities controlled by Mose Jefferson and his relatives. Any votes cast by her in favor of that appropriation would have been done on the floor of the Louisiana State House of Representatives or the New Orleans City Council. The Third Superseding Indictment does not allege that the she personally traveled in interstate commerce for the purpose of facilitating the conspiracy.

Defendant cites *U.S. v. Diecidue*, for the proposition that the Government must state the basis upon which effect on interstate commerce is alleged. 603 F.2d 535, 537 (5th Cir. 1979).

Federal Rule of Criminal Procedure 7 governs the nature and contents of an indictment. That rule states that "[t}he indictment

2

or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment, to be sufficient, must allege that the defendant committed each of the essential elements of the crime charged so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent prosecution for the same offense." The Government argues that it has met this burden.

Specifically, the Government argues that in the charging language of part D, page 13, the Grand Jury expressly found that the Enterprise, as described in Parts A through C, was one "engaged in, and the activities of which affected, interstate commerce..." (Rec. Doc. No. 386, p. 13).

In analyzing Diecidue's argument that the indictment in his case insufficiently informed him of the enterprise's effect on interstate commerce, the Fifth Circuit considered "[t]he distinction ... between a defendant's constitutional right to know what offense he is charged with and his need to know the evidentiary details which will be used to establish his commission of that offense." *United States v. Diecidue*, 603 F.2d 535, 547 (5 Cir. 1979). The Fifth Circuit found that the indictment charged interstate commerce effect in the RICO conspiracy and substantive offenses in the language of the statute itself, a practice which generally guarantees sufficiency if all required elements are included in the statutory language. *Id*.

The Third Superseding Indictment details that money and property flowed through channels and utilized the instrumentalities of interstate commerce, e.g. through banking institutions, purchase of materials and goods, and vehicles manufactured out of state. The Third Superseding Indictment sufficiently notifies Defendant with the manner and type of evidence that constitutes effects on interstate commerce.

**B. Failure to State a Crime**

The Indictment states that the funds involved "were derived from the State of Louisiana General Fund, money designated by the Governor's Office of Urban Affairs, money received by the Louisiana Stadium and Exposition District, and other sources." (Rec. Doc. No. 386 at paragraph (1)(a)). Without involvement of federal funds, or allegation that she received financial consideration from or was engaged in a *quid pro quo* arrangement with Mose Jefferson to secure her vote, Defendant argues for dismissal. She points out that the only acts charged against her are that she voted for appropriations and rented legislative satellite office space in a manner that benefitted the alleged conspiracy. She argues those acts all involved local matters over which a degree of legislative lobbying and discretion existed, and do not constitute predicate acts for a RICO prosecution.

The alleged federal crimes that form the basis of the RICO offense are mail fraud (Section 1341), and money laundering (Section

4

1956). Defendant is charged with being a co-conspirator with what amounts to multiple related mail fraud and money laundering schemes, the combination of said schemes resulting in an alleged violation of 18 U.S.C. section 1962(d).

By allegedly agreeing to illegal misuse of her political offices in the broader contexts of a long-lasting intricate, and highly evolved RICO enterprise involving numerous indictable acts of mail fraud and money laundering, her motion fails and the indictment survives summary dismissal.

There is no obligation to allege or prove that a defendant actually received any personal benefit as a result of their role in a conspiracy. As with any other type of conspiracy, the agreement is the key component of a RICO conspiracy. *United States v. Diecidue*, 603 F.2d 535, 547 (5 Cir. 1979). The government bears the burden of proving beyond a reasonable doubt that the alleged RICO Enterprise had as its ultimate goal the personal financial and political benefit of the charged defendants. Throughout the Third Superseding Indictment the grand jury alleged various benefits. *See* Rec. Doc. 386 at 20, 21, 24, 25, 31, 33.

New Orleans, Louisiana, this 25th day of August, 2010.

UNITED STATES DISTRICT JUDGE